836 A.2d 745

MONTGOMERY COUNTY, Maryland

v.

Gregory JAMSA et al.

No. 141, Sept. Term, 2003.

Court of Special Appeals of Maryland.

Dec. 1, 2003.

348

Sharon V. Burrell (Charles W. Thompson, Jr., Cty. Atty., Bernadette F. Lamson, Assoc. Cty. Atty., on brief), Rockville, for appellant.

William J. Chen, Jr. (Chen, Walsh, Tecler & McCabe, LLP, on brief), Rockville, for appellee.

Argued before EYLER, JAMES R., ADKINS, ALPERT, and PAUL E. (Ret., specially assigned), JJ.

JAMES R. EYLER, J.

Two employees in the Montgomery County merit system filed grievances against the County. The Montgomery County Merit System Protection Board (the Board) dismissed the grievances, but they were reinstated on judicial review. The question presented by this appeal is whether the Board, on remand after judicial review of its prior decision, has legislative authority to award attorney's fees to employees with respect to services rendered during judicial review of the Board's decision. We answer that question in the affirmative.

### Background

Gregory Jamsa and Wayne D. Fisher, appellees, are firefighters employed by Montgomery County, appellant. Appellees are members of a union and subject to a collective bargaining agreement between the union and appellant. In 1997, appellees were directed by a supervisor to cut grass and perform other lawn maintenance activities. Appellees filed grievances pursuant to the merit system grievance procedure on the ground that the assigned activities were not within their duties and responsibilities. Appellant, through its Office of Human Resources, determined that the complaints were not grievable. Appellees noted an appeal to the Board. The Board held that the complaints were grievable, but on motion for reconsideration by appellant, reversed itself and held that they were not grievable.

Appellees filed a petition for judicial review in the Circuit Court for Montgomery County. The circuit court affirmed the Board's decision, and appellees noted an appeal to this Court. In an unreported opinion, this Court reversed the circuit court and the Board, held that the complaints were grievable, and remanded the case to the Board for further proceedings. *Jamsa v. Montgomery County*, No. 1547, Sept. Term 1998, 129 Md.App. 710 (filed November 16, 1999).

The Board, in turn, remanded the case to appellant's Office of Human Resources. After appellant denied appellee's grievances, appellees again appealed to the Board. By decision and order dated May 29, 2002, the Board dismissed the appeal on the ground that the assignment of lawn maintenance activities was not unlawful or otherwise improper.

Appellees requested the Board to (1) reconsider its decision on the merits and (2) award reasonable attorney's fees with respect to their successful appeal of the Board's first decision.

By decision and order dated June 17, 2002, the Board denied appellees' motion for reconsideration with respect to the merits but granted the motion with respect to fees and requested appellees to submit a detailed statement. The decision further stated that the Board would consider the

request for fees in accordance with the factors contained in Montgomery County Code, section 33–14(c)(9).[1]

On June 27, 2002, appellees submitted a request for fees in the amount of $20,740.00 and expenses in the amount of $297.39. The amount of the fee was based on 103.7 hours at an hourly rate of $200. The request was for services rendered in the filing of the complaints, the activities in circuit court and this Court, and in preparing the motion for reconsideration before the Board.

By decision and order dated July 31, 2002, the Board awarded $3225.00 in fees and $70.86 in expenses. The fee award was based on 16.5 hours relating to filing the grievance and pursuing the appeal to the Board and 5.25 hours relating to the motion for reconsideration. The Board allowed an hourly rate of $150.00. The Board denied appellees' request for fees with respect to activities in circuit court and this Court on the ground that it lacked authority to award fees relating to services rendered on judicial review, relying on section 33–15(c) [2] of the County Code.

Appellees filed a petition for judicial review in the Circuit Court for Montgomery County. By order dated February 27, 2003, the circuit court reversed the Board, held that the Board did have legislative authority to award fees for services relating to judicial review and remanded the case to the Board for further proceedings.

### Question Presented

The sole question before us is whether the Board has legislative authority, pursuant to the provisions of the Montgomery County Code, to award attorney's fees for services rendered in connection with judicial review of Board decisions.

---

1.  The Montgomery County Charter directs the County Council to create a merit system for County employees. Montgomery County Code, chapter 33 implements that directive. Section 33–14 deals with the authority of the Board and will be discussed later in this opinion.

2.  Section 33–15 deals with judicial review of decisions by the Board.

## Standard of Review

In reviewing an agency decision, we apply separate standards for questions of law and questions of fact. *See Hikmat v. Howard County*, 148 Md.App. 502, 521, 813 A.2d 306 (2002) (quoting *Stover v. Prince George's County*, 132 Md.App. 373, 380–81, 752 A.2d 686 (2000) (citations omitted)).

In *Marzullo v. Kahl*, 366 Md. 158, 783 A.2d 169 (2001), the Court stated the appellate court's role in reviewing the decision of an administrative agency interpreting law. *Id.* at 171, 783 A.2d 169. Quoting Judge Eldridge in *Board of Physician Quality Assurance v. Banks*, 354 Md. 59, 67–68, 729 A.2d 376 (1999), the *Marzullo* decision reiterated the narrow role of the appellate court:

A court's role in reviewing an administrative agency adjudicatory decision is narrow and is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law.

*Marzullo*, 366 Md. at 171, 783 A.2d 169 (citations and internal quotations omitted).

The Court further stated:

Despite some unfortunate language that has crept into a few of our opinions, a court's task on review is not to substitute its judgment for the expertise of those persons who constitute the administrative agency. Even with regard to some legal issues, a degree of deference should often be accorded the position of the administrative agency. Thus, an administrative agency's interpretation and application of the statute which the agency administers should ordinarily be given considerable weight by reviewing courts.

*Id.* at 172, 783 A.2d 169.

Pure questions of law are reviewed de novo. *See Lucas v. People's Counsel for Baltimore County*, 147 Md.App. 209, 225, 807 A.2d 1176 (2002) (citations omitted); *see also Eastern*

*Outdoor Adver. Co. v. Mayor & City Council of Baltimore,* 128 Md.App. 494, 516, 739 A.2d 854 (1999).

In reviewing questions of fact, the "substantial evidence" test applies. *Baltimore Lutheran High School Ass'n. v. Employment Sec. Admin.,* 302 Md. 649, 662, 490 A.2d 701 (citing *State Ins. Comm'r v. National Bureau of Casualty Underwtrs.,* 248 Md. 292, 309–310, 236 A.2d 282 (1967)). This test asks whether reasoning minds could reach the same conclusion based on the facts presented to the agency. *Montgomery County Dept. Health & Human Servs. v. P.F.,* 137 Md.App. 243, 264–65, 768 A.2d 112 (2001) (citing *Mayberry v. Anne Arundel County Bd. of Educ.,* 131 Md.App. 686, 700–701, 750 A.2d 677 (2000)). If the agency's decision is reasonably supported by the facts, the reviewing courts must uphold the decision even if it might have drawn different inferences based on those facts or reached a different conclusion. *Mayberry,* 131 Md.App. at 701, 750 A.2d 677 (citing *Bulluck v. Pelham Wood Apartments,* 283 Md. 505, 515–516, 390 A.2d 1119 (1978)).

## Discussion

The Montgomery County Charter states that the County Council shall prescribe by law a merit system for County employees. Section 401. The Charter also established the Board, section 403, and set forth the duties of the Board. Section 404. The County Council implemented the Charter provisions in chapter 33 of the County Code. The County's chief administrative officer is responsible for administering and enforcing the merit system. Section 33–8. The Board is given remedial and enforcement powers to protect the merit system and employee rights under the system. Section 33–7(a). The Code provisions in question are section 33–14, entitled "Hearing authority of board," and section 33–15, entitled "Judicial review and enforcement." Section 33–14(c) provides that the Board "shall have authority to order appropriate relief to accomplish the remedial objectives of this article, including but not limited to the following: ....(9) order the county to reimburse or pay all or part of the

employee's reasonable attorney's fees." Subsection (9) also contains factors to consider in determining the reasonableness of fees.

Section 33–15(a) provides that an aggrieved party may seek judicial review in circuit court. Subsection (b) provides that judicial review is pursuant to the Administrative Procedure Act, Md.Code, article 41, section 255, and includes "appellate review by the special courts of appeals of Maryland." Subsection (c) provides as follows:

> When the chief administrative officer is the party seeking judicial review of a board order or decision in favor of a merit system employee, the county shall be responsible for the employee's legal expenses, including attorney's fees which result from the judicial review and are determined by the county to be reasonable under the criteria set forth in subsection (c)(9) of section 33–14.

Employing rules of statutory construction and legislative history, appellant contends that section 33–14 only applies to administrative proceedings and does not authorize the award of fees in connection with judicial review. According to appellant, section 33–15 governs judicial review, and it provides for attorney's fees only if the County, not the employee, seeks judicial review. Consequently, the Board did not have legislative authority to award attorney's fees incurred when appellees pursued judicial review.

Also employing rules of statutory construction, appellees assert that section 33–14(c)(9) controls and gives the Board broad authority.

We shall begin our analysis by summarizing the rules of statutory construction, recognizing that they are aids to assist us in determining legislative intent.

When seeking to ascertain the meaning of a statute, the Court of Appeals has stated that "the cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." *Marzullo v. Kahl*, 366 Md. 158, 175, 783 A.2d 169 (2001) (citations omitted). The actual

language of the statute itself is the starting point for interpreting a statute. *Id.* (citations omitted). "Where the statutory language is plain and free from ambiguity, and expresses a definite and simple meaning, courts normally do not look beyond the words of the statute to determine legislative intent." *Id.* (citations omitted). "But where the statutory language is ambiguous, we will look to other sources, such as relevant case law and legislative history, to aid us in determining the legislature's intent." *Id.* (citation omitted). In such instances where a court seeks to ascertain the legislative intent, the statutory language "is not read in isolation, but 'in light of the full context in which [it] appears, and in light of external manifestations of intent or general purpose available through other evidence.'" *Id.* at 175–76, 783 A.2d 169 (citations omitted). "To this end, when we pursue the context of statutory language, we are not limited to the words of the statute as they are printed." *Id.* at 176, 783 A.2d 169 (citations omitted). Often a court may consider external evidence, in addition to the relevant statutory provisions, such as the legislative history surrounding the statute, the context of the statute and "other material that fairly bears on the fundamental issue of [the] legislative purpose or goal" of the statute. *Id.*

The language of the relevant statutory provisions, their context, and their purpose lead us to the conclusion that the Board does have legislative authority to award attorney's fees for services rendered on judicial review of Board decisions, in appropriate circumstances. Section 33–14(c)(9) authorizes the Board to order the County to pay "all or part" of the employee's reasonable attorney's fees. The authority granted to the Board is not limited to the initial hearing before the Board. It applies to all hearings, which would include hearings on remand after judicial review. The County Council did not mandate that the Board award attorney's fees; it authorized the Board to do so.

Section 33–15(c), on the other hand, is not directed to the Board but directs the County to pay attorney's fees ("the

county shall be responsible"), determined by the County to be reasonable, when the County is the party seeking judicial review. Section 33–15 is not a limitation on the Board's authority. The net effect is that the Board has discretion, generally, to award attorney's fees, including when an employee seeks judicial review, but when the County seeks judicial review, the County must pay reasonable attorney's fees.

Appellant argues that the legislative history of the merit system law supports its interpretation. We disagree. The Code sections in question were enacted through Council Bill 36–78, introduced July 18, 1978. First, appellant relies on a memorandum dated September 21, 1978 from the Montgomery County Government Employees Organization ("Organization") to the County Council. Appellant advises that the Organization suggested the inclusion of section 33–15(c). Appellant relies on the following quote from the document:

> An employee who "wins" a case before the County Government's Personnel Board only to have this decision be appealed by the County government to the courts must be prepared to spend two years' average gross County salary to defend him/her self, even when he/she may be without a job and unable to get one. This is the equivalent of no redress and no employee rights at all. The Personnel Board itself rightly asks: "Why have a Personnel Board at all to consider grievances?" The County Government, under a recent court ruling, cannot appeal the findings of its own instrumentality under the present County Charter and County Code. The Bill will change all that, and will also abolish the Merit System unless an amendment similar to the one we offered is included.

We fail to see the support for appellant's position. The general thrust of the memorandum is the asserted failure of the Board in the past and the need to strengthen it. The Organization's support of a provision requiring the County to pay an employee's attorney's fees when challenging a decision of the Board was perceived as providing some protection for employee's rights and strengthening the Board to protect those rights.

Appellant also refers to a memorandum dated November 14, 1978 from legislative counsel to the County Council enclosing the revised Council Bill 36–78 for final action. Appellant quotes the following:

Judicial review provision provides that all parties before the Board may obtain judicial review on the record, subject to the standards of administrative law with a proviso that the County must provide for employee legal expenses if the CAO [chief administrative officer] seeks judicial review of a Board decision in favor of the employee.

Appellant does not refer to the paragraph immediately preceding the one quoted. It provides:

The hearing requirements of the Board require compliance with the Administrative Procedure Act and to provide for Board counsel and the Board has been authorized to award attorneys' fees in addition to its other remedial powers.

These paragraphs are entirely consistent with our reading of the statutory language, as explained above.

As did the circuit court, we perceive the issue in question as a pure question of law. For the reasons stated above, we affirm the judgment of the circuit court.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**