878 A.2d 662

**KENSINGTON VOLUNTEER FIRE DEPARTMENT, INC., et al.**

v.

**MONTGOMERY COUNTY, Maryland.**

**No. 1189 Sept. Term, 2004.**

Court of Special Appeals of Maryland.

July 12, 2005.

Kenneth D. Smith, Rockville, for Appellant.

Karen L. Federman Henry (Charles W. Thompson, Jr., County Atty., Marc P. Hansen, Chief, Gen. Counsel Div., Bernadette F. Lamson, Associate County Atty., on the brief), Rockville, for Appellee.

Panel: KENNEY, ADKINS, and LAWRENCE F. RODOWSKY (Retired, Specially Assigned), JJ.

ADKINS, Judge.

Appellants Kensington Volunteer Fire Department ("KVFD") and Keith Golden challenge the Circuit Court for Montgomery County's ruling that a volunteer firefighter cannot recover attorney's fees under a county code provision allowing county employees to recover fees in certain appeals from personnel actions. For the following reasons, we hold that appellants are entitled to attorney's fees, to the same extent as county employees, and therefore, reverse the circuit court's denial of such fees.

## FACTS AND LEGAL PROCEEDINGS

Golden is a volunteer firefighter at KVFD. Following two separate complaints regarding Golden's conduct toward subordinate firefighters in 2000 and 2001, Golden was twice investigated and disciplined by KVFD. During the second KVFD investigation, the Fire Administrator ("FA"), the highest official of the Montgomery County Fire and Rescue service, ordered an internal investigation into Golden's behavior and the sanctions imposed by KVFD. At the conclusion of the internal investigation, the FA imposed additional, more onerous punishment on Golden.

KVFD and Golden appealed the FA's decision to the Montgomery County Fire and Rescue Commission ("the Commission"), arguing that the FA exceeded the scope of his authority under applicable county law in rendering additional punishment of Golden. The Commission affirmed the FA.

KVFD and Golden then appealed to the Montgomery County Merit System Protection Board ("the Board"), which ruled in appellants' favor by written order dated August 19, 2002. On September 9, 2002, appellee Montgomery County ("the County") filed a petition for judicial review in the Circuit Court for Montgomery County.

Over one month later, on October 21, 2002, KVFD and Golden submitted to the Board a petition for attorney's fees, covering the proceedings before the Commission and the Board. The Board denied the request in a supplemental order and decision issued on November 25, 2002. KVFD and Golden took no appeal from the Board's denial of their request for attorney's fees.

On October 20, 2003, the circuit court filed its opinion and order, affirming the Board's decision in favor of appellants. Thirty days later, KVFD and Golden filed a petition for attorney's fees with the circuit court, seeking fees for proceedings before not only the circuit court, but also before the Commission and the Board. That petition was denied, as was appellants' subsequent motion for reconsideration.

Appellants filed this timely appeal and present the following question for our review:

Does the Montgomery County Code provide for the award of legal expenses to local fire and rescue departments, and volunteer fire fighters?

We hold that appellants are entitled to recover circuit court attorney's fees.

## DISCUSSION

Appellants argue that they are entitled to attorney's fees for proceedings at both the circuit court and the administrative levels. We shall address these separate fees in turn.

■ As a preliminary matter, we note that, in reviewing an administrative decision, our role "is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *Bucktail, LLC v. County Council of Talbot County*, 352 Md. 530, 552–53, 723 A.2d 440 (1999) (citation omitted).

### Circuit Court Fees

■ Appellants contend that sections 21–7(g) and 33–15(c) of the Montgomery County Code ("Code"),[1] when read together, mandate that the County pay their reasonable attorney's fees associated with judicial review in the circuit court. Code section 21–7(g), governing appeals to and from the Commission, states:

*Appeals of Commission decisions.* Any employee of or volunteer at a local fire and rescue department or any other aggrieved person may appeal a decision of the Commission involving a specific personnel action ... to the Merit System Protection board **as if the aggrieved person were a County merit system employee.** (Emphasis added.)

---

1. All Code sections cited herein reference the Montgomery County Code ("Code") unless otherwise stated.

Code section 33–15(c), governing judicial review and enforce-
ment, states:

> When the chief administrative officer is the party seeking
> judicial review of a board order or decision in favor of a
> merit system employee, the county **shall** be responsible for
> the employee's legal expenses, including attorney's fees
> which result from the judicial review and are determined by
> the county to be reasonable under the criteria set forth in
> subsection (c)(9) of section 33–14.[2]  (Emphasis added.)

Appellants argue that, because volunteers are to be treated
as if they are merit system employees for purposes of appeals
taken under section 21–7(g), they are entitled to attorney's
fees under section 33–15(c) when the County seeks judicial
review of a Board decision.  They assert that denying volun-
teers the same rights to fees enjoyed by employees is inconsis-
tent with the legislative intent of the Code.

The County counters that the "as if" language in section 21–
7(g) provides volunteers with only the right to appeal a
Commission decision to the Board, without giving them the
concomitant right to attorney's fees enjoyed by employees
under section 33–15(c) when the County seeks judicial review.
The County also questions the circuit court's jurisdiction to
consider appellants' fee petition, as well as the circuit court's
authority to order the County to pay reasonable fees under
section 33–15(c).

We shall begin our analysis by summarizing the well settled
rules of statutory construction, "recognizing that they are aids
to assist us in determining the legislative intent." *Montgom-
ery County v. Jamsa*, 153 Md.App. 346, 354, 836 A.2d 745
(2003).  The Court of Appeals has stated that "the cardinal

---

**2.**  The factors for determining the reasonableness of attorney's fees are:
(a) time and labor required;  (b) the novelty and complexity of the case;
(c) the skill requisite to perform the legal service properly;  (d) the
preclusion of other employment by the attorney due to acceptance of
the case;  (e) the customary fee;  (f) whether the fee is fixed or contin-
gent;  (g) time limitations imposed by the client or the circumstances;
(h) the experience, reputation and ability of the attorneys;  and (i)
awards in similar cases.  *See* Code § 33–14(c)(9).

rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." *Marzullo v. Kahl,* 366 Md. 158, 175, 783 A.2d 169 (2001)(internal quotes and citations omitted). As we recently noted in *Jamsa,* 153 Md.App. at 354–55, 836 A.2d 745,

> [t]he actual language of the statute itself is the starting point for interpreting a statute. "Where the statutory language is plain and free from ambiguity, and expresses a definite and simple meaning, courts normally do not look beyond the words of the statute to determine legislative intent." "But where the statutory language is ambiguous, we will look to other sources, such as relevant case law and legislative history, to aid us in determining the legislature's intent." In such instances where a court seeks to ascertain the legislative intent, the statutory language "is not read in isolation, but 'in light of the full context in which [it] appears, and in light of external manifestations of intent or general purpose available through other evidence.'" "To this end, when we pursue the context of statutory language, we are not limited to the words of the statute as they are printed." Often a court may consider external evidence, in addition to the relevant statutory provisions, such as the legislative history surrounding the statute, the context of the statute and "other material that fairly bears on the fundamental issue of [the] legislative purpose or goal" of the statute. (Citations omitted).

Turning first to the statutory language, section 21–7(g) states that "[a]ny ... volunteer at a local fire and rescue department ... may appeal a decision of the Commission involving a specific personnel action ... to the Merit System Protection board **as if the aggrieved person were a County merit system employee.**" (Emphasis added.) The text of the Code contains nothing that cross-references section 21–7(g) with section 33–15(c), or vice versa. Section 21–7(g) does not mention section 33–15(c) or attorney's fees, and section 33–15(c) does not mention section 21–7(g) or volunteer firefighters. In the absence of such language, we consider section 21–7(g) ambiguous because there are two reasonable alternative

interpretations. *See Price v. State*, 378 Md. 378, 388, 835 A.2d 1221 (2003)(noting that a statute is ambiguous if two or more reasonable alternative interpretations exist). *See also Town & Country Mgmt. Corp. v. Comcast Cablevision of Md.*, 70 Md.App. 272, 280, 520 A.2d 1129, *cert. denied*, 310 Md. 2, 526 A.2d 954 (1987)(recognizing that statutory language can be intrinsically ambiguous, or despite clear intrinsic meaning, ambiguous due to its application in a particular circumstance).

As a result of this ambiguity, we must consider both "the literal or usual meaning of the words as well as their meaning in light of the objectives and purposes of the enactment." *Price*, 378 Md. at 388, 835 A.2d 1221. We conclude that the "as if" language means that volunteers are to be treated as though they are employees throughout the statutory appellate scheme, and not just for section 21–7 purposes.

This reading of section 21–7(g) is consistent with the stated policies and purpose of Chapter 21 of the Code. Section 21–1(a)(2) states, in pertinent part, that "[t]he [Montgomery County] Council hereby declares its policy that all County officials, employees, volunteers, and local fire and rescue departments actively encourage a combined service delivery system provided by local and County resources **which strives to offer equal opportunities and fair treatment for all personnel.**" (Emphasis added.) Likewise, section 21–1(b)(3) states:

> *Purpose.* This Chapter is intended to promote the achievement of the following goals regarding the provision of fire, rescue and emergency medical services:
>
> (3) Optimum Personnel Practices. **Promote equity and harmony among County, local fire and rescue department, and volunteer personnel**[.] (Emphasis added.)

The desire to promote equality of volunteers and employees is also reflected in the legislative history of County Council Bill 37–97, the 1997 bill that restructured Chapter 21 of the Code.[3] A memorandum discussing Bill 37–97 from Michael

---

3. County Council Bill 37–97 "amend[ed] Chapters 2 and 21 of the Montgomery County Code to reorganize the administration and delivery

Faden, Senior Legislative Attorney, to the County Council noted that the bill's language stressed "that the County law and Commission regulations and policies create a uniform set of rules that apply to all elements of the fire and rescue system, including career Service employees and local department volunteers." Memorandum of Michael Faden, Senior Legislative Attorney, to County Council at 3 (March 10, 1998).

The County's reading of section 21–7(g) is inconsistent with the purpose and legislative history of Chapter 21, because it does not promote equal treatment of volunteers and employees. Reading the two Code sections together, in light of the statement of purpose and legislative history, we conclude that the County Council intended that volunteer firefighters be treated as employees, and thus be entitled to attorney's fees. Therefore, we reject the County's argument that the "as if" language in section 21–7(g) only provided volunteers with the right to appeal a Commission decision to the Board.

■ We are also unpersuaded by the County's assertion that the circuit court had no jurisdiction to rule on appellants' petition for fees.[4] Specifically, the County contends that under Md. Rule 7–209, the circuit court only has authority to affirm, reverse, or modify the agency's decision, and to remand the action to the Board or dismiss the action. Because the fee petition was filed after the circuit court affirmed the Board's decision, the County argues that the circuit court had no jurisdiction to entertain any new claims or motions. We do not agree.

---

of fire and rescue services in Montgomery County." Memorandum of Michael Faden, Senior Legislative Attorney, to County Council at 1 (March 10, 1998).

4. Along the same lines, we reject the County's argument that the circuit court lacked jurisdiction to entertain appellants' request for circuit court fees because appellants never sought review of the Board's denial of administrative fees. In filing the petition for circuit court fees, the appellants were not seeking review of the Board's denial of fees. Instead, appellants were seeking an order from the circuit court itself under section 33–15(c) to cover fees associated with judicial review.

Md. Rule 7–209, governing disposition of administrative appeals in the circuit court, states:

> **Unless otherwise provided by law,** the court may dismiss the action for judicial review or may affirm, reverse, or modify the agency's order or action, remand the action to the agency for further proceedings, or an appropriate combination of above. (Emphasis added).

While generally a circuit court reviewing an agency decision is limited to the above listed dispositions, where "otherwise provided by law," a circuit court's authority during judicial review may be expanded. Here, section 33–15(c) explicitly calls for the payment of attorney's fees, when the County seeks review of an adverse Board decision. *See* Code § 33–15(c). Thus, the circuit court had jurisdiction to entertain the petition for fees.

The issue of the circuit court's authority to award attorney's fees on judicial review was addressed by the Court of Appeals in *Dep't of Health and Mental Hygiene v. Campbell,* 364 Md. 108, 771 A.2d 1051 (2001). There, the Court reversed a circuit court order granting attorney's fees to an attorney who served as guardian of the property for mentally incompetent Medicaid recipients, as part of a personal needs allowance. *See id.* at 111–12, 771 A.2d 1051. On judicial review from the Office of Administrative Hearings, the circuit court granted the attorney's request for, and ordered the Department to allow, counsel fees of $600 for each case the attorney handled.

The Court of Appeals, finding that the circuit court's order was ambiguous,[5] reversed the grant of attorney's fees on two separate grounds. *See id.* at 123, 771 A.2d 1051. First, the Court found that the circuit court lacked authority to award the fees as compensation for the administrative duties performed by the attorney, because the attorney failed to file a

---

**5.** The Court noted that the circuit court order granting attorney's fees failed to state whether it was awarding fees as compensation for the administrative duties performed by the attorney or for prosecution of the judicial review. *Dep't of Health and Mental Hygiene v. Campbell,* 364 Md. 108, 123, 771 A.2d 1051 (2001).

petition for fees at the administrative level. *See id.* at 123–24, 771 A.2d 1051. Second, and more pertinent to our discussion here, the Court ruled that if the award was intended to reimburse the attorney for the cost of litigating the judicial review proceedings, the circuit court still erred in granting the petition because the applicable statute governing judicial review did not provide for an award of fees. *See id.* at 124, 771 A.2d 1051.

Implicit in the Court's holding is acknowledgment that when the statute governing judicial review of an agency decision allows for recovery of fees, like Code section 33–15(c) does in this case, the circuit court has the power to entertain petitions for, and order, such fees. That appellants' fee petition was filed after the circuit court affirmed the Board decision is not fatal because such requests are generally viewed as collateral matters. *See Mullaney v. Aude,* 126 Md.App. 639, 650, 730 A.2d 759, *cert. denied,* 356 Md. 18, 736 A.2d 1065 (1999)(and cases cited therein). Accordingly, the circuit court retained jurisdiction over the fee issue even after the administrative decision was affirmed. *See id.*

The County also contends that the circuit court lacks authority to order the County to pay fees. Rather, it asserts, the prerogative remains with the County, and creates a duty to pay only "when the facts justify doing so." Under section 33–15(c), however, the County has no discretion in deciding **when** to pay fees. Section 33–15(c) clearly states that, "[w]hen the chief administrative officer is the party seeking judicial review of a board order or decision in favor of a merit system employee, the county **shall** be responsible for the employee's legal expenses, including attorney's fees which result from the judicial review[.]" (Emphasis added.) Thus, "when the County seeks judicial review, the County **must** pay reasonable attorney's fees." *Jamsa,* 153 Md.App. at 356, 836 A.2d 745 (emphasis added).

The determination of the **amount** of reasonable attorney's fees to be paid is left to the County. *See* Code § 33–15(c). *See also Jamsa,* 153 Md.App. at 355–56, 836 A.2d 745 ("Sec-

tion 33–15(c) ... directs the County to pay attorney's fees[,] ... **determined by the County to be reasonable,** when the County is the party seeking judicial review")(emphasis added). In determining the reasonableness of fees, however, the County is required to apply the factors listed in Code section 33–14(c)(9). *See supra* n. 2. *See also Manor Country Club v. Flaa,* 387 Md. 297, 874 A.2d 1020, 2005 WL 1159433, *13 (2005) (holding that administrative body must adhere to statutorily mandated criteria to calculate attorney's fees award, instead of invoking general lodestar approach to awarding fees).

Although section 33–15(c) places an affirmative duty on the County to pay fees that it "determin[es] to be reasonable," it does not follow that the circuit court has no authority to **order** the County to do so. Essentially, the County is claiming that the circuit court lacks the power to tell the County to abide by the law. We do not agree.

In sum, we conclude that the language, context, and purpose of the relevant statutory provisions entitle volunteer firefighters to attorney's fees when the County seeks judicial review of an unfavorable Board decision. Because the circuit court denied the appellants' request for circuit court fees based upon an erroneous conclusion of law, we shall reverse that portion of the circuit court's order, and remand to the Circuit Court for Montgomery County with instructions to enter an order requiring the County to pay appellants' reasonable attorney's fees associated with judicial review.

### Administrative Fees

At the administrative level, the Board denied appellants' petition for fees because the agency felt that it could award fees only to paid "employees." Appellants contend, however, that under the same construction of Code section 21–7(g) as above, volunteers are to be treated as if they were employees, and therefore, they are entitled to administrative

fees under section 33–14(c)(9).[6] Appellants ask that we remand to the circuit court with instructions to order further remand to the Board to consider whether an award of fees is merited in this case.

Appellees counter that because appellants failed to appeal the Board's order denying their fee request within thirty days,[7] this issue is not preserved. We agree and hold that the issue of administrative fees is not properly before us.

■ As previously noted, fee awards are generally considered a matter collateral to the final judgment. *See Mullaney,* 126 Md.App. at 650, 730 A.2d 759 (and cases cited therein). In *Mullaney,* we recognized that, although the jurisdiction of a trial court generally ends upon enrollment of a final judgment, this rule does not preclude a trial court from entertaining a collateral matter, such as an award of attorney's fees. *See id.* at 649–50, 730 A.2d 759 (noting that only orders affecting the "meat" or subject matter of the case have been prohibited after enrollment of the final judgment).

■ If the trial court retains jurisdiction over collateral matters even **after** the entry of final judgment, it follows that

---

6. Code section 33–14(c)(9), governing decisions by the Board, states, in pertinent part:

   (c) *Decisions.* Final decisions by the board shall be in writing, setting forth necessary findings of fact and conclusions of law.... The board shall have authority to order appropriate relief to accomplish the remedial objectives of this article, including but not limited to the following:

   (9) Order the county to reimburse or pay all or part of the employee's reasonable attorney's fees.

7. The timeline of procedural events in this case is as follows:

   8/9/02: Board issued decision in appellants' favor
   9/9/02: County filed petition for judicial review in the Circuit Court for Montgomery County
   10/21/02: Appellants submitted petition for fees to the Board
   11/25/02: Board issued order denying fee petition
   10/20/03: Circuit court entered order affirming Board's decision
   11/19/03: Appellants submitted petition for fees to circuit court
   5/13/04: Circuit court denied fee petition

   As illustrated above, appellants did not seek judicial review of the Board's denial of their fee petition.

an appeal filed in the underlying case does not encompass the court's subsequent resolution of any collateral matters. In other words, the earlier filing of an appeal in the underlying case does not automatically encompass review of a trial court's later decision regarding collateral matters.

Here, the Board's order denying the fee petition was not included as part of the administrative record before the circuit court because the County filed its judicial review petition before the Board denied the fee request. Thus, in order for the appellants to have properly preserved the issue of administrative fees, a separate appeal from the Board's order denying their fee petition was necessary. This, they did not do. We accordingly affirm the circuit court's order to the extent it denied appellants' request for administrative fees.

In their reply brief, appellants argue that their failure to appeal the Board's denial of the request for fees is immaterial under *Jamsa,* 153 Md.App. 346, 836 A.2d 745. Appellants claim that *Jamsa* stands for the proposition that an agency may still rule on the appropriateness of fees after remand from the circuit court and/or this Court.

The procedural posture of *Jamsa* is distinguishable from this case. In *Jamsa,* the request for fees was not filed with the agency until **after** the case had been remanded from the circuit court, and the agency's subsequent denial of fees was promptly appealed to the circuit court. *See id.* at 351, 836 A.2d 745. Here, the petition for fees was filed **before** the circuit court ruled, and the Board's order denying the request for fees was never separately, much less timely, appealed.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID ONE–HALF BY APPELLANTS, ONE–HALF BY APPELLEE.**